Owes McG-rmar, J.
Pending the tenant’s protest herein the State Bent Administrator amended section 58 of the State Bent and Eviction Begulations so as to increase the maximum stipend allowable to a tenant from $500 to $750.
This modification was based upon section 100 of the regulations which provides that ‘ ‘ Where a Begulation is amended during the pendency of a protest, the determination shall be in accordance with the amended Begulation.”
The question here is whether section 100 permits the Administrator to amend his regulations and thereby affect retroactively the rights of parties heretofore fixed by the substituted regulation.
In the case at bar, landlord’s rights were fixed pursuant to section 58, before amendment, when ‘ ‘ the landlord * * * agreed to pay an allowance equivalent to the stipend provided for in paragraph (a) herein”. (Italics ours.) At that time the stipend was $500 not $750, and it was $500 which the landlord ‘ ‘ agreed to pay ’ ’. Pursuant to this agreement, the Local Bent Administrator, after hearing, issued a certificate of eviction.
It is the court’s view that upon such agreement, a contract was in effect made which gave the landlord a vested interest so as to entitle it to keep the rule unchanged.
The situation here is different from that found in I. L. F. Y. Co. v. Temporary State Housing Rent Comm. (10 N Y 2d 263). There the landlord upon purchase of a rent-controlled apartment house filed with the commission a hardship application. Before commission action was completed, the Legislature enacted the 1961 amendments which precluded a hardship increase ‘ ‘ until at least one year from the purchase date and that any such increase will be prospective only even though by the law as it existed when plaintiff bought the building such increases were retroactive to the date of the filing of the application but for not more than six months ” (10 N Y 2d 267). The Court of Appeals held (p. 270) that the landlord “ did not have in any particular rule an interest so vested as to entitle it to keep the rule unchanged ”. But there the landlord had entered into no agreements pursuant to any regulations. Furthermore, in that case it was the Legislature which enacted the statute, and the Court of Appeals held that the Legislature had before it *246 sufficient reasons to justify the year-delay and the nonretroactive clauses.
The Administrator’s power to promulgate regulations is specifically provided for by the Emergency Housing Rent Control Law (§4, subd. 4, par. [a]). This power does not exceed the power of its progenitor, the Legislature. As the Court of Appeals in Fruhling v. Amalgamated Housing Corp. (9 N Y 2d 541, 550) said, in invalidating the Housing Commissioner’s imposition of surcharges nunc pro tunc, “ There is no indication by the Legislature that it was to be so [that is, the retro-activity of the Legislature’s 1960 amendment], and in accordance with general principles of statutory construction it is operative prospectively only.” (Italics ours.) And so, in the case at bar, there is nothing in the act, as enacted by the Legislature, from which it can be fairly said that the Administrator was given the power to promulgate and amend regulations retroactively.
The order of the Administrator insofar as it amends the order of the Local Rent Administrator to the extent of increasing the tenant Thorne’s stipend from $500 to $750 is annulled, and the matter is remitted to the Administrator to correct its order in accordance with the opinions expressed in this decision.